UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:23-cr-113 |
| Plaintiff, | : | JUDGE Michael J. Newman |
| v. | : | **INFORMATION** |
| CAROL CLENDENIN, | : | 18 U.S.C. § 1956(h) |
| Defendant. | : | **FORFEITURE ALLEGATION** |

### COUNT 1
(Conspiracy to Commit Money Laundering)

1. Between a beginning date unknown, but at least by in or about August 2018, and continuing through on or about December 8, 2020, in the Southern District of Ohio and elsewhere, the defendants, **SCOTT CLENDENIN** and **CAROL CLENDENIN**, knowingly and willfully conspired and agreed with each other and with others to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, with the intent to promote the carrying on of a specified unlawful activity, that is, conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**All in violation of 18 U.S.C. § 1956(h) and *Pinkerton v. United States*, 328 U.S. 640 (1946).**

## FORFEITURE ALLEGATION

Upon conviction the offense set forth in Count 1 of this Information, the defendants, **SCOTT CLENDENIN** and **CAROL CLENDENIN**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to:

    a) One Hundred Sixty-Two Thousand, Eight Hundred Sixty-Eight Dollars and 00/100 ($162,868.00) in United States Currency;

    b) Contents of Peoples Bank, Account No. ending in 7298, in the names of P. Scott and Carol Clendenin;

    c) Contents of Peoples Bank, Account No. ending in 1176, in the name of Custom Interiors LLC;

    d) Contents of Peoples Bank, Account No. ending in 4360, in the name of Showtime Talent Productions;

    e) H&R, Model 622, .22 caliber revolver, serial no. AB42033, with any attachments and ammunition;

f) Ruger 9mm "American Pistol," serial number removed, with any attachments and ammunition;

g) Sig Sauer 7.62 / .308 rifle, serial no. 22P127680, with drum magazine, Sightmark scope, and HiLight Laser Light Combo (Green Dot) with any attachments and ammunition;

h) Smith & Wesson M&P Bodyguard .38 caliber handgun, serial no. KFA9031, with any attachments and ammunition;

i) Winchester, Model 37, 12-gauge shotgun, no serial number, with any attachments and ammunition;

j) Winchester, Model 94 rifle, serial no. 2383600, with any attachments and ammunition;

k) Browning, Model Light 12, 12-gauge shotgun, serial no. G3 18188, with any attachments and ammunition;

l) 1964 Chevrolet Corvette, VIN: 40837S105527, with all attachments thereon;

m) 1966 Chevrolet Chevy II, VIN: 113116W156511, with all attachments thereon;

n) 1969 Chevrolet Camaro Z-28, VIN: 124379N522176, with all attachments thereon;

o) 2002 Harley Davidson Motorcycle, VIN: 1HD1PEV172Y951152, with all attachments thereon;

p) 2003 Chevrolet Corvette, VIN: 1G1YY32G335112993, with all attachments thereon; and

q) 2015 BMW M235i Convertible, VIN: WBA1M1C51FV393120, with all attachments thereon.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

    e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

*/s/ Kelly K. Rossi*

**KELLY K. ROSSI**
**ASSISTANT UNITED STATES ATTORNEY**