# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:23-CR-00113 |
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | |
| CAROL CLENDENIN, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On December 6, 2023, the United States Attorney for the Southern District of Ohio charged Carol Clendenin (the "Defendant") in a one-count Information with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).  (Doc. 2.)

The forfeiture allegation in the Information provided notice to the Defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in the offense, and any property traceable to such property, including but not limited to the following (the "subject property"):

- One Hundred Sixty-Two Thousand, Eight Hundred Sixty-Eight Dollars and 00/100 ($162,868.00) in United States Currency;

- Contents of Peoples Bank, Account No. ending in 7298, in the names of P. Scott and Carol Clendenin;

- Contents of Peoples Bank, Account No. ending in 1176, in the name of Custom Interiors LLC;

- Contents of Peoples Bank, Account No. ending in 4360, in the name of Showtime Talent Productions;

- H&R, Model 622, .22 caliber revolver, serial no. AB42033, with any attachments and ammunition;

- Ruger 9mm "American Pistol," serial number removed, with any attachments and ammunition;

- Sig Sauer 7.62 / .308 rifle, serial no. 22P127680, with drum magazine, Sightmark scope, and HiLight Laser Light Combo (Green Dot) with any attachments and ammunition;

- Smith & Wesson M&P Bodyguard .38 caliber handgun, serial no. KFA9031, with any attachments and ammunition;

- Winchester, Model 37, 12-gauge shotgun, no serial number, with any attachments and ammunition;

- Winchester, Model 94 rifle, serial no. 2383600, with any attachments and ammunition;

- Browning, Model Light 12, 12-gauge shotgun, serial no. G3 18188, with any attachments and ammunition;

- 1964 Chevrolet Corvette, VIN: 40837S105527, with all attachments thereon;

- 1966 Chevrolet Chevy II, a/k/a Nova 2D Sedan, VIN: 113116W156511, with all attachments thereon;

- 1969 Chevrolet Camaro Z-28, VIN: 124379N522176, with all attachments thereon;

- 2002 Harley Davidson Motorcycle, VIN: 1HD1PEV172Y951152, with all attachments thereon;

- 2003 Chevrolet Corvette, VIN: 1G1YY32G335112993, with all attachments thereon; and

- 2015 BMW 230i Convertible, VIN: WBA1M1C51FV393120, with all attachments thereon.

(*Id.*)

On or about February 12, 2024, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Information and

agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 982(a)(1), as property involved in the offense or property traceable to such property. (Doc. 7.) The Defendant entered a plea of guilty to Count 1 of the Information on February 12, 2024. (Minute Entry 02/12/2024.)

The subject property is forfeitable to the United States, under 18 U.S.C. § 982(a)(1), as property involved in the offense charged in Count 1 of the Information and/or property traceable to such property. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the offense to which the Defendant has pled guilty.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**IT IS SO ORDERED.**

Dated: 3/18/2024            s/ *Michael J. Newman*
                            HONORABLE MICHAEL J. NEWMAN
                            UNITED STATES DISTRICT JUDGE